**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                         Criminal Action No. 3:08-CR-64-1
                                                            JUDGE BAILEY

WILLIE EDWARD BARNES,
aka "BIG WILL,"

      Defendant.

**REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING
THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS
STATEMENTS [69] AND MOTION TO SUPPRESS PHYSICAL EVIDENCE [70]**

## I.    INTRODUCTION

On November 19, 2008, this matter came before this Court for an evidentiary hearing pursuant to Defendant's Motion to Suppress Statements [69], Motion to Suppress Physical Evidence [70], and Motion for Discovery [76]. Willie Edward Barnes aka "Big Will" ("Defendant"), appeared at the hearing in person and by counsel, Lawrence E. Sherman, Jr., Esq. The United States of America ("Government"), appeared by Paul T. Camilletti, Assistant United States Attorney. The undersigned Magistrate Judge issues this Report and Recommendation on Defendant's Motions to Suppress [69] [70], following holding the evidentiary hearing. The Court issued a separate order on Defendant's Motion for Discovery [76].

## II.    PROPOSED BACKGROUND AND FINDINGS OF FACT TO THE DISTRICT

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT
COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS [69] AND MOTION TO SUPPRESS
PHYSICAL EVIDENCE [70]

Page 1 of 8

# COURT

**1.**     On September 4, 2008, the Federal Grand Jury for the Northern District of West Virginia, Martinsburg Division, indicted the Defendant with seven (7) counts of a nine (9) count indictment.

**2.**     The charges in the September 4, 2008 indictment against the Defendant are as follows:

Count One (1) -  conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A), and §846;

Count Two (2) -  possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(A);

Count Three (3) -  felon in possession of firearm and ammunition in violation of 18 U.S.C. §922(g)(1), §924(a)(2), and §924(e);

Count Six (6) -  aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(C) and 18 U.S.C. §2;

Count Seven (7) -  aiding and abetting the possession with intent to distribute cocaine base in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(B) and 18 U.S.C. §2;

Count Eight (8) -  aiding and abetting possession with intent to distribute methamphetamine in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(C) and 18 U.S.C. §2; and

Count Nine (9) -  aiding and abetting possession with intent to distribution of MDA in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(C) and 18 U.S.C. §2. (*See* Indict., Criminal Action No. 3:08CR64-1, Sept. 4, 2008).

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS [69] AND MOTION TO SUPPRESS PHYSICAL EVIDENCE [70]

Page 2 of 8

3. On October 24, 2008, the Defendant filed a Motion to Suppress Statements [69], Motion to Suppress Physical Evidence [70], and Motion for Discovery [76].

4. On November 19, 2008, the Court held an evidentiary hearing on Defendant's motions. The Government called Officer Lynch and Patrolman Watson to testify. Defense counsel cross-examined, but the Defendant did not call any witnesses. Therefore, the Government presented the following uncontroverted evidence:

   a. On December 10, 2007 at approximately 4:40 p.m., Officer Lynch of the Ranson City Police Department responded to a third party's report of shots fired at the Apple Tree apartment complex from apartment 304 that went through the floor into the apartment below, apartment 204. Officer Lynch knocked on the door of apartment 304, which was the Defendant's apartment. Initially, the Defendant told the officer that he dropped a television. The officer then went downstairs to question the resident of apartment 204. She showed the officer the holes in her ceiling from the gunshot. The holes in the victim's ceiling were consistent with holes made from firing a shotgun. Officer Lynch then returned to the Defendant's apartment and again questioned him about the gunshot. The Defendant consented to allow the officer to enter his apartment and look in the Defendant's bedroom. In the bedroom, the Defendant admitted to accidentally discharging a Remington shotgun into the floor of his upper level apartment and executed a written statement. In addition, the Defendant willingly relinquished the shotgun. Following making the verbal and

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS [69] AND MOTION TO SUPPRESS PHYSICAL EVIDENCE [70]

Page 3 of 8

written statements and surrendering the shotgun, Officer Lynch arrested the Defendant. Officer Lynch testified that he did not give the Defendant *Miranda* warnings, and that the Defendant was very cooperative.

**b.** On February 13, 2008 at 9:25 p.m., Patrolman Watson of the Ranson Police Department observed the Defendant in the parking lot of the Apple Tree apartments. Patrolman Watson viewed the Defendant from thirty (30) feet, and he personally knew what the Defendant looked like from prior arrests. The Patrolman also knew that one of the conditions of the Defendant's probation from Jefferson County Magistrate Court is that he not enter the Apple Tree apartments. In addition, Patrolman Watson knew that the Defendant was on the "no trespass list" for the Apple Tree apartments. Patrolman Watson arrested the Defendant for trespassing and violating his probation. Patrolman Watson searched the Defendant incident to arrest and seized, from the Defendant's coat pockets, $524 and an off white rock substance, which appeared to be crack cocaine. At the Ranson Police Department, Patrolman Watson measured the suspected crack cocaine, and it weighed approximately 5.5 ounces.

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS [69] AND MOTION TO SUPPRESS PHYSICAL EVIDENCE [70]

Page 4 of 8

# III. ANALYSIS

## 1. Report Recommending that the District Court Deny Defendant's Motion to Suppress Statements [69]

> [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way...any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence.

*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). Defendant moves to suppress the verbal and written statements he provided to the police. At the November 19, 2008 hearing, the Government presented evidence that Officer Lynch questioned the Defendant in his bedroom, when he was not under arrest and when the Defendant was very cooperative.

> [A] suspect who was questioned in the bedroom of her home was not in custody for purposes of *Miranda* where she was not forced to enter the room, she was not handcuffed or otherwise restrained, officers did not draw their weapons in her presence, and she was never told that she was not free to leave.

*U.S. v. Hargrove*, 2008 WL 4446715 (N.D. W. Va. 2008) (slip op.) (citing *U.S. v. Parker*, 262 F.3d 415 (4th Cir. 2001). Similarly, Officer Lynch testified that the Defendant consented to allowing the officer into the bedroom of the apartment, where the Defendant volunteered his verbal and written statements and willingly relinquished the shotgun. Therefore, the undersigned Magistrate Judge recommends that the District Court DENY Defendant's Motion to Suppress Statements [69].

## 2. Report Recommending that the District Court Deny Defendant's Motion to

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS [69] AND MOTION TO SUPPRESS PHYSICAL EVIDENCE [70]

Page 5 of 8

### Suppress Physical Evidence [70]

> A brief investigative stop is permissible whenever the police officer has a reasonable suspicion grounded in specific and articulable facts that the person he stopped has been or is about to be involved in a crime. *United States v. Hensley*, 469 U.S. 221, 105 S. Ct. 675 (1985); *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868 (1968).

*U.S. Moore*, 817 F.2d 1105 (4th Cir. 1987). Defendant moves to suppress the $524 and alleged drugs seized by Patrolman Watson on February 13, 2008. At the November 19, 2008 hearing, Patrolman Watson testified that he saw the Defendant in the parking lot of Apple Tree apartments. The officer personally knew the Defendant from prior arrests; he knew that it was a condition of the Defendant's probation not to enter the Apple Tree apartments; and he knew that the Defendant was on the "no trespass" list for Apple Tree apartments. "A warrantless arrest is supported by probable cause 'where the facts and circumstances within the arresting officer's knowledge are sufficient for a reasonable person to believe that a crime has been or is being committed by the person to be arrested.'" *U.S. v. Santana*, 286 Fed. Appx. 89 (4th Cir. 2001) (unpublished decision) (citing *United States v. Miller*, 925 F.2d 695 (4th Cir. 1991). Patrolman Watson's familiarity with what the Defendant looked like from prior arrests; his personal knowledge of the condition of the Defendant's probation not to enter the apartments; his knowledge that the apartment complex listed the Defendant on the "no trespass" list; combined with personally identifying the Defendant trespassing at the apartment complex were sufficient facts and circumstances to find probable cause to arrest the Defendant without a warrant.

> It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS [69] AND MOTION TO SUPPRESS PHYSICAL EVIDENCE [70]

Page 6 of 8

> Amendment. *United States v. Robinson*, 414 U.S. 218, 94 S. Ct. 467
> (1973). This exception provides that when law enforcement officers
> have probable cause to make a lawful custodial arrest, they may
> incident to that arrest and without a warrant search the arrestee's
> person and the area within his immediate control. *Chimel v.
> California*, 395 U.S. 752, 89 S. Ct. 2034 (1969).

*See U.S. v. Currence*, 446 F.3d 554 (4th Cir. 2006). Therefore, Patrolman Watson lawfully seized the money and alleged drugs pursuant to a lawful arrest.

Defendant also moves to suppress the shotgun seized during the December 10, 2007 incident.

> The voluntariness of a defendant's consent to a search is a factual
> question determined in light of the totality of the circumstances and
> should be upheld unless clearly erroneous. *United States v. Peterson*,
> 524 F.2d 167 (4th Cir. 1975) (citing *Schneckloth v. Bustamonte*, 412
> U.S. 218, 93 S. Ct. 2041 (1973)). Moreover, the government need
> not demonstrate that the defendant knew of the right to refuse to
> consent for the search to be deemed a voluntary one. *Schneckloth*,
> 412 U.S. at 248-49, 93 S. Ct. at 2058-59.

*U.S. v. Gordon*, 895 F.2d 932 (4th Cir. 1990). At the November 19, 2008 hearing, Officer Lynch testified that the Defendant willingly handed over the shotgun, following the Defendant's admission to accidentally discharging the shotgun in his bedroom. From the evidence presented at the hearing, the totality of the circumstances demonstrated that the Defendant volunteered the shotgun, which would make the seizure consensual and the evidence admissible.

Therefore, the undersigned Magistrate Judge recommends that the District Court DENY Defendant's Motion to Suppress Physical Evidence [70].

## IV.     RECOMMENDATION AND CONCLUSION

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT
COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS [69] AND MOTION TO SUPPRESS
PHYSICAL EVIDENCE [70]

Page 7 of 8

The undersigned Magistrate Judge hereby **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Suppress Statements [69] and Motion to Suppress Physical Evidence [70]. The Court notes the Defendant's objection to the ruling.

Within ten (10) days of receipt of service of this Report and Recommendation, any party who appears *pro se* and any counsel of record may file with the Clerk of the Court any written objections to this Recommendation. The party should clearly identify the portions of the Recommendation to which the party is filing an objection and the basis for such objection. The party shall also submit a copy of any objections to the Honorable John P. Bailey. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon this Recommendation. 28 U.S.C. § 636(b)(1).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: November 25, 2008**

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS STATEMENTS [69] AND MOTION TO SUPPRESS PHYSICAL EVIDENCE [70]

Page 8 of 8