**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**

**WILLIE EDWARD BARNES**
a/k/a "Big Will,"

    **Petitioner-Defendant,**

                                                           **Civil Action No. 3:10-cv-107**
v.                                               **Criminal Action No. 3:08-cr-64-1**
                                                      **(JUDGE BAILEY)**

**UNITED STATES OF AMERICA,**

    **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I.    INTRODUCTION**

On October 20, 2010, Petitioner-Defendant Willie Edward Barnes ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petition" or "Motion"). (Civil Action No. 3:10-cv-107, ECF No. 1; Criminal Action No. 3:08-cr-64-1, ECF No. 237.) On October 26, 2010, the undersigned Magistrate Judge entered an Order directing Respondent, the United States of America ("Respondent" or "Government") to answer Petitioner's motion. (Criminal Action No. 3:08-cr-64-1, ECF No. 239.) The Government responded on November 19, 2010, and Petitioner replied to that response on December 2, 2010. (Criminal Action No. 3:08-cr-64-1, ECF Nos. 242, 243.) The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny Petitioner's motion to vacate.

## II.  FACTS

*A. Conviction and Sentence*

On September 4, 2008, the Grand Jury charged Petitioner with seven counts in a nine-count Indictment. Petitioner was charged with conspiracy to possess with the intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846; possession with the intent to distribute approximately 141.1 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A); being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), & 924(e); aiding and abetting the distribution of approximately 1.9 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; aiding and abetting the possession with intent to distribute approximately 5.7 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2; aiding and abetting the possession with intent to distribute approximately six tablets or more containing methamphetamine (MDMA), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; and aiding and abetting the possession with the intent to distribute approximately 24 tablets or more containing amphetamine (MDA), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. (Indictment, Criminal Action No. 3:08-cr-64-1, ECF No. 1.)

On January 12, 2009, Petitioner signed a plea agreement in which he agreed to plead guilty to Count Two, possession with the intent to distribute 141.1 grams of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). (Plea Agreement, Criminal Action No. 3:08-cr-64-1, ECF No. 127 at 2.) In the plea agreement, the parties stipulated and agreed that Petitioner's total drug relevant conduct was 152.6 grams of cocaine base; 1.7 grams of MDMA;

and 7.7 grams of MDA. (*Id.* at 4.) Additionally, Petitioner waived his right to appeal and collaterally attack his sentence. Specifically, Petitioner's plea agreement contained the following language concerning his waiver:

> Defendant is aware that Title 18, United States Code, Section 3742 afford a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set fort in Title 18, United States Code, Section 3742. **Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).** The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

(*Id.* at 4. (emphasis added).)

That same day, Petitioner entered his plea in open court before the undersigned. When asked, Petitioner stated that he understood that he was giving up many of his rights through his guilty plea. (Plea Hrg. Tr., Criminal Action No. 3:08-cr-64-1, ECF No. 157 at 4:1-5.) At the time of his plea, Petitioner was 48 years old and had completed the eleventh grade. (*Id.* at 5:19-22.) The Court asked Petitioner if he understood that he was giving up his right to appeal any sentence and his right to file a writ of habeas corpus attacking the validity of his plea and sentence, and Petitioner replied that he did. (*Id.* at 11:12-19.) When asked, Petitioner's counsel stated that he believed Petitioner understood the importance of this waiver. (*Id.* at 11:20-23.) Petitioner further affirmed that he had reviewed the plea agreement with his attorney before signing it. (*Id.* at 12:3-5.) The Court reviewed all the rights Petitioner was giving up by entering a plea of guilty. (*See id.* at 17:19-19:2.) During the hearing, the Government presented the testimony of Richard Dean, Special Agent

with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, to establish a factual basis for the plea. (*Id.* at 19:3-21:6.) Petitioner did not contest Agent Dean's testimony. (*Id.* at 21:9-11.)

After the Government presented Agent Dean's testimony, Petitioner advised the Court that he was guilty of Count Two of the Indictment. (*Id.* at 21:14-21.) He further stated under oath that no one had attempted to force him to plead guilty and that he was pleading guilty of his own free will. (R. at 21:22-22:3.) Additionally, Petitioner testified that his plea was not the result of any promises other than those in the plea agreement. (*Id.* at 22:4-7.) When asked, Petitioner acknowledged that his counsel had adequately represented him and that his counsel had not left anything undone or did anything improperly during his representation. (*Id.* at 22:19-25.) Finally, Petitioner advised that he was in fact guilty of the crime to which he was pleading guilty. (*Id.* at 23:1-4.)

At the conclusion, the undersigned determined that Petitioner's plea was made freely and voluntarily, that Petitioner had "full knowledge and understanding" of the consequences of his plea, and that the elements of the crime charged in Count Two were established beyond a reasonable doubt. (*Id.* at 23:5-13.) Petitioner did not object to the Court's finding.

On April 7, 2009, Petitioner appeared before the Honorable John Preston Bailey, Chief United States District Judge, for sentencing. Chief Judge Bailey sentenced Petitioner to a term of 327 months incarceration and a five year term of supervised release. (Judgment in a Criminal Case, Criminal Action No. 3:08-cr-64-1, ECF No. 179.)

**B.** *Appeal*

Petitioner did not pursue a direct appeal.

C.  *Federal Habeas Corpus*

   1.   **Petitioner's Motion**

As his only grounds for relief, Petitioner contends that he received ineffective assistance of counsel because his counsel did not object to the undersigned's Report and Recommendation recommending that Petitioner's motions to suppress. (Criminal Action No. 3:08-cr-64, ECF No. 237 ("Pet.") at 5(a).)[1] Specifically, Petitioner alleges that his counsel "deceivingly advised" him that the undersigned had denied the motions to suppress and that based on this denial, Petitioner decided to enter into a plea agreement. (Pet. at 5(b).) Petitioner further argues that his counsel should have objected to the undersigned's Report and Recommendation because of the unconstitutionality of the search objected to. (Pet. Ex. 1, Mem. of Law and Facts in Supp. of Pet'r's § 2255 Petition to Vacate, Correct, or Set Aside Sentence ("Mem. of Law"), at 9.)

   2.   **Government's Response**

The Government contends that Petitioner's motion should be dismissed because Petitioner waived his right to collaterally attack his sentence. (Criminal Action No. 3:08-cr-64-1, ECF No. 242 ("Resp.") at 2-3.) Furthermore, the Government argues that Petitioner cannot meet the two prongs of *Strickland v. Washington,* 466 U.S. 668 (1984) because he "was not prejudiced by counsel's performance nor can he show that he would have insisted on going to trial but for counsel's performance." (Resp. at 5-6.) Specifically, the Government contends that Petitioner did not receive ineffective assistance of counsel because the undersigned's Report and Recommendation recommending that Petitioner's motions to suppress be denied was not in error. (*Id.* at 6-7.)

---

[1] Petitioner has inserted three pages after Page 5 of his Petition on which he sets forth his ground for relief. (*See* Petition at 5(a)-(c).) Therefore, the Court will utilize Petitioner's page numbering when referring to his Petition.

### 3. Petitioner's Reply

In his Reply, Petitioner alleges that he could "not have reasonably contemplated" that his counsel would deceive him into entering a plea agreement and, therefore, his claim should be excepted from the waiver of collateral attack rights contained in his plea agreement. (ECF No. 243 ("Reply") at 1-2.) Petitioner further argues that the Court should rely on the standard set forth in *United States v. Cronic*, 466 U.S. 648 (1984) and find that he does not need to show prejudice because he has suffered an "actual or constructive denial" of counsel. (Reply at 2-6.)

### D. *Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's motion be denied and dismissed from the docket because Petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction.

## III. ANALYSIS

### A. *Law Governing Waivers of Direct Appeal and Collateral Attack Rights*

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." *Blackledge v. Allison*, 431 U.S. 63, 71 (1877). However, the advantages of plea bargains are only secure when "dispositions by guilty plea are accorded a great measure of finality." *Id.* The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has recognized that the Government often secures waivers of both appellate and collateral attack rights "from criminal defendants as part of their plea agreement." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

The Fourth Circuit has held that "a waiver-of-appeal-rights provision in a valid plea

agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994) (citations omitted). However, a defendant still retains the right appellate review on limited grounds, such as when a sentence above the maximum penalty provided by statute is imposed or when a sentence is imposed based on a constitutionally impermissible factor. *Id.* at 732. Furthermore, the *Attar* court recognized that a defendant cannot "fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel." *Id.*

Eleven years later, the Fourth Circuit determined there was no reason to distinguish between waivers of appellate rights and waivers of collateral attack rights. *Lemaster*, 403 F.3d at 220 n.2. The Fourth Circuit noted that all courts of appeals to have considered the issue have "held that the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary." *Id.* at 220. The *Lemaster* Court did not address whether the same exceptions that were noted by the *Attar* court apply to a waiver of collateral attack rights, but it did note that it saw "no reason to distinguish" between the two. *Id.* at 220 n.2; *see also United States v. Cannady*, 283 F.3d 641, 645 n.3 (4th Cir. 2000) (collecting cases where the court has determined that waivers of § 2255 rights are generally valid).

The Fourth Circuit has not yet defined the scope of collateral attack waivers and so has not yet "defined the extent to which an ineffective assistance of counsel claim can be precluded by a § 2255 waiver." *Braxton v. United States*, 358 F. Supp. 2d 497, 502 (W.D. Va. 2005). However, several courts have held that collateral attack waivers should be subjected to the same conditions and exceptions applied to waivers of direct appellate rights. *Cannady*, 283 F.3d at 645 n.3

(collecting cases). Furthermore, most courts of appeals have determined that waivers of collateral attack rights encompass claims of ineffective assistance of counsel "that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver." *Braxton*, 358 F. Supp. 2d at 503.

B.  *Law Governing the Determination of Whether a Waiver is Knowing and Intelligent*

The Fourth Circuit has held that the determination of whether a waiver of appellate and collateral attack rights is "knowing and intelligent" "depends 'upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused.'" *Attar*, 38 F.3d at 731 (quoting *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992)). This determination is often made upon reviewing the "adequacy of the plea colloquy" and determining, in particular, "whether the district court questioned the defendant about the appeal waiver." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). However, an ultimate decision is "evaluated by reference to the totality of the circumstances." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002).

3.  *Petitioner Validly Waived His Right to Collaterally Attack His Sentence*

In his motion, Petitioner asserts that he received ineffective assistance of counsel because his counsel failed to object to the Report and Recommendation the undersigned entered recommending that the district court deny Petitioner's motions to suppress. (Pet. at 5(a).) However, Petitioner entered into a plea agreement in which he agreed to waive his right to collaterally attack his sentence in any manner, including motions brought pursuant to 28 U.S.C. § 2255. (Plea Agreement, Criminal Action No. 3:08-cr-64-1, ECF No. 127 at 4.) Therefore, because Petitioner is alleging ineffective assistance of counsel for conduct occurring **before** the entry of his guilty plea,

Petitioner has waived the right to collaterally attack his sentence based on this conduct. *See Lemaster*, 403 F.3d at 220 & n.2; *Cannady*, 283 F.3d at 645 n.3; *Attar*, 38 F.3d at 731, 732; *Braxton*, 358 F. Supp. 2d at 503.

The undersigned also finds that Petitioner's waiver is knowing and intelligent. *See Attar*, 38 F.3d at 731. At the Rule 11 plea colloquy, Petitioner testified that he received an eleventh grade education and did not have a disability or hearing impairment that would prevent him from participating in the hearing. (Plea Hrg. Tr., Criminal Action No. 3:08-cr-64-1, ECF No. 157 at 5:21-6:4.) The undersigned also specifically asked Petitioner if he understood that he was "giving up the majority of [his] rights to appeal any sentence in this case, or to file a writ of habeas corpus attacking the legal validity of the guilty plea and the sentence," and Petitioner replied that he understood. (*Id.* at 11:12-19 (alteration in original)); *see also Blick*, 408 F.3d at 169. Petitioner also testified that he reviewed the plea agreement with his attorney before signing it. (*Id.* at 12:3-5.) At the end of the plea colloquy, the undersigned noted that Petitioner was competent, that he made his plea freely and voluntarily, and that he had full knowledge and understanding of the consequences of his plea. (*Id.* at 23:5-9.)

In sum, the undersigned finds that Petitioner knowingly and intelligently waived his right to collaterally attack his sentence as part of his plea agreement. Therefore, because Petitioner cannot collaterally attack his sentence based upon conduct occurring before the entry of his guilty plea, Petitioner's motion for relief should be denied.

## IV.     RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

be **DENIED** and **DISMISSED** from the docket because Petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Willie Edward Barnes.

**DATED:** November 1, 2011

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE